PER CURIAM.
The Florida Bar petitions this Court to approve proposed amendments to the Florida Certification Plan, article XIX of the Bylaws of the Florida Bar Integration Rule, to establish Board Certified Criminal Trial Lawyers and Board Certified Criminal Appellate Lawyers. We approve these proposals, which are appended to this opinion.
These amendments establish standards for certification of criminal trial and appellate lawyers and shall become effective on July 1, 1986, at 12:01 a.m. Issues raised concerning the present provisions of The Florida Bar Code of Professional Responsibility Disciplinary Rule 2-105 regarding advertising will be addressed in The Florida Bar re Code of Professional Responsibility, No. 65,877, in which The Florida Bar seeks revision of the entire Code of Professional Responsibility, including Disciplinary Rule 2-105.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, MCDONALD, EHRLICH, SHAW and BARKETT, JJ., concur.
APPENDIX A
STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED CRIMINAL LAWYER
Lawyers who are members in good standing of The Florida Bar and who meet the standards prescribed below may be issued an appropriate certificate identifying the lawyer as either a Board Certified Criminal Trial Lawyer or a Board Certified Criminal Appellate Lawyer. An applicant may qualify for certification under both categories provided the applicant meets the Standards for each category. The purpose of the standards is to identify those lawyers who practice criminal law and have the special knowledge, skills, and proficiency to be properly identified to the public as Certified Criminal Trial or Appellate Lawyers.
Section 1. DEFINITIONS AND COMMITTEE
(a) “Criminal law” is the practice of law dealing with the defense and prosecution of misdemeanor and felony crimes in state and federal trial and appellate courts.
*20 (b) The “practice of law” for this area is defined as set out at Section 5(c)(1) of article XIX of the Integration Rule Bylaws governing the Florida Certification Plan.
(c) The Criminal Law Certification Committee shall consist of one member with experience in the field of criminal appellate law and six members with experience in the field of criminal trial law.
Section 2. CRIMINAL TRIAL — MINIMUM STANDARDS
(a)Substantial Involvement. To become certified as a criminal trial lawyer, an applicant must demonstrate substantial involvement in criminal trial law. Substantial involvement shall include:
(1) At least five years of the actual practice of law of which at least 40% has been spent in active participation in criminal trial law. At least three years of this practice shall be immediately preceding application or, during those three years the applicant may have served as a judge of a court of general jurisdiction adjudicating criminal trial matters.
(2) The trial of a minimum of 25 criminal cases. Of these 25 cases, at least 20 shall have been jury trials and at least 15 shall have involved felony charges. On good cause shown, for satisfaction in part of the 25 criminal trials, the Criminal Law Certification Committee may consider involvement in protracted litigation.
(3) Within the three years immediately preceding application, the applicant’s substantial involvement must be sufficient to demonstrate special competence as a criminal trial lawyer. Substantial involvement includes investigation, evaluation, pleading, discovery, taking of testimony, presentation of evidence and argument of jury or nonjury cases. For good cause shown, the Criminal Law Certification Committee may waive two of the three years substantial involvement for individuals who have served as judges of courts of general jurisdiction adjudicating criminal trial matters. In no event may the year immediately preceding application be waived.
(b) References
(1) The applicant shall submit the names and addresses of at least four lawyers, not associates or partners, as references to attest to the applicant’s substantial involvement and competence in criminal trial practice. Such lawyers shall be substantially involved in criminal trial law and familiar with the applicant’s practice.
(2) The applicant shall submit the names and addresses of at least two judges before whom he has appeared on criminal trial matters within the last two years, or before whom he has tried a criminal trial to jury verdict, to attest to the applicant’s substantial involvement and competence in criminal trial practice.
(3) The Criminal Law Certification Committee may, at its option, send reference forms to other attorneys and judges.
(c) Education
(1) The applicant shall make satisfactory showing that within the three years immediately preceding application he has accumulated at least 30 hours of approved continuing legal education in the field of criminal law.
(2) Applicants seeking certification as both criminal trial and criminal appellate lawyers must, during the three years immediately preceding application, complete 30 hours of approved continuing legal education as aforesaid for each category, for a total of 60 hours.
(d) Examination. Every applicant must pass an examination designed to demonstrate sufficient knowledge, proficiency and experience in criminal law, application of constitutional principles, and rules of criminal procedure to justify the representation of special competence to the legal profession and public.
Section 3. CRIMINAL TRIAL RECER-TIFICATION Recertification shall be pursuant to the following standards:
(a) The applicant shall demonstrate continuous and substantial involvement in the practice of law, of which at least 40% must have been spent in active participation in criminal trial law throughout the period since the last date of certification. The *21 demonstration of substantial involvement shall be made in accordance with the standards set forth in 2(a)(3).
(b) The applicant shall make a satisfactory showing that he has accumulated at least 50 hours of approved continuing legal education during the period since original certification. Applicants seeking recertifi-cation as both criminal trial lawyers and criminal appellate lawyers must complete at least 50 hours of approved continuing legal education in each of the categories, for a total of 100 hours.
(c) The applicant shall submit the names and addresses of at least four lawyers, not associates or partners, as references, to attest to the applicant’s substantial involvement and competence in criminal trial practice. Such lawyers shall be substantially involved in criminal trial law and familiar with the applicant’s practice.
(d) The applicant shall submit the names and addresses of at least two judges before whom he has appeared on criminal trial matters within the last two years, or before whom he has tried a criminal trial to jury verdict, to attest to the applicant’s substantial involvement and competence in criminal trial practice.
(e) The Criminal Law Certification Committee may, at its option, send reference forms to other attorneys and judges.
Section 4. CRIMINAL APPELLATE-MINIMUM STANDARDS
(a)Substantial Involvement. To become certified as a criminal appellate lawyer, an applicant must demonstrate substantial involvement in criminal appellate law. Substantial involvement shall include:
(1)At least five years of the actual practice of law of which at least 40% has been spent in active participation in criminal appellate law. At least three years of this practice shall be immediately preceding application or, during those three years, the applicant may have served as an appellate court judge adjudicating criminal matters. The five years of criminal appellate practice shall include brief writing, motion practice and oral arguments, and extraordinary writs, sufficient to demonstrate special competence as a criminal appellate lawyer.
(2) The representation of at least 25 appellate actions. On good cause shown, for satisfaction in part of the 25 appellate actions, the Criminal Law Certification Committee may consider involvement in protracted litigation.
(3) Within the three years immediately preceding application, the applicant’s substantial involvement must be sufficient to demonstrate special competence as a criminal appellate lawyer. Substantial involvement includes brief writing, motion practice and oral arguments, and extraordinary writs. For good cause shown, the Criminal Law Certification Committee may waive two of the three years substantial involvement for individuals who have served as appellate court judges adjudicating criminal matters. In no event may the year immediately preceding application be waived.
(b) References
(1) The applicant shall submit the names and addresses of at least four lawyers, not associates or partners, as references to attest to the applicant’s substantial involvement and competence in criminal appellate practice. Such lawyers shall be substantially involved in criminal appellate law and familiar with the applicant’s practice.
(2) The applicant shall submit the names and addresses of at least two judges before whom he has appeared on criminal appellate matters within the last two years, to attest to the applicant’s substantial involvement and competence in criminal appellate practice.
(3) The Criminal Law Certification Committee may, at its option, send reference forms to other attorneys and judges.
(c) Education
(1) The applicant shall make satisfactory showing that within the three years immediately preceding application he has accumulated at least 30 hours of approved continuing legal education in the field of criminal law.
*22 (2) Applicants seeking certification as both criminal trial and criminal appellate lawyers must, during the three years immediately preceding application, complete 30 hours of approved continuing legal education as aforesaid for each category, for a total of 60 hours.
(d) Examination. Every applicant must pass an examination designed to demonstrate sufficient knowledge, proficiency and experience in criminal law, application of constitutional principles, and rules of criminal and appellate procedure to justify the representation of special competence to the legal profession and public.
Section 5. CRIMINAL APPELLATE RECERTIFICATION Recertification shall be pursuant to the following standards:
(a) The applicant shall demonstrate continuous and substantial involvement in the practice of law, of which at least 40% must have been spent in active participation in criminal appellate law throughout the period since the last date of certification. The demonstration of substantial involvement shall be made in accordance with the standards set forth in 4(a)(3).
(b) The applicant shall make a satisfactory showing that he has accumulated at least 50 hours of approved continuing legal education during the period since original certification. Applicants seeking recertifi-cation as both criminal trial lawyers and criminal appellate lawyers must complete at least 50 hours of approved continuing legal education in each of the categories, for a total of 100 hours.
(c) The applicant shall submit the names and addresses of at least four lawyers, not associates or partners, as references, to attest to the applicant’s substantial involvement and competence in criminal appellate practice. Such lawyers shall be substantially involved in criminal appellate law and familiar with the applicant’s practice.
(d) The applicant shall submit the names and addresses of at least two judges before whom he has appeared on criminal appellate matters within the last two years, to attest to the applicant’s substantial involvement and competence in criminal appellate practice.
(e) The Criminal Law Certification Committee may, at its option, send reference forms to other attorneys and judges.